<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ANNE MARTUCCI, et al., | Civil Action No. 24-11475 |
| *Plaintiffs*, | |
| v. | **OPINION AND ORDER** |
| HAROLD C. FAULK, et al., | March 9, 2026 |
| *Defendants*. | |

**SEMPER**, District Judge.

The current matter comes before the Court on Defendants Sharon Rivenson Mark, Janette Faulk, Elaine Faulk, Vincent LaPaglia, the Estate of Harold C. Faulk, and the Honorable Jeffrey Jablonski's ("Judge Jablonski") motions to dismiss the Amended Complaint (ECF 30, "FAC") pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (ECF 31; ECF 32; ECF 33; ECF 34.) Plaintiff opposed Defendants' motions. (ECF 37.) Defendants filed briefs in reply. (ECF 40; ECF 41; ECF 42; ECF 43.) The Court reviewed all submissions in support and in opposition and decided the motions without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons stated below, Defendants' motions to dismiss are **GRANTED**.

I.    <u>**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**[1]</u>

This case arises from *pro se* Plaintiff Anne Martucci's alleged loss of real property she

---

[1] When considering a motion to dismiss under Rule 12(b)(6), the Court is obligated to accept as true allegations in the complaint and all reasonable inferences that can be drawn therefrom. *See Rocks v. City of Phila.*, 868 F.2d 644, 645 (3d Cir. 1989). The Court also considers any "document integral to or explicitly relied upon in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

previously owned in a judgment in a state court action, *Janette Faulk, et al. v. Anne Martucci*, Docket No. HUD-C-160-18 (the "State Court Action").

The relevant factual background of this case begins in the 1980s. Plaintiff and Harold C. Faulk ("Harry Faulk" or "Faulk") were intermittently in a romantic relationship over the years (see FAC, "Facts of the Case" ¶ 7), although the pair never married. (FAC, Count 2 ¶ 26.) In 1983, Plaintiff and Faulk's sister decided to start a company to invest in real estate, which they named the Edgar Charles Realty Corp. (FAC, "Facts of the Case" ¶¶ 15-16; *id.* Ex. 2.) Harry Faulk owned two parcels in Kearney, New Jersey (the "Front Lots"). (*Id.* ¶ 13.) Faulk subsequently transferred title of the Front Lots to Edgar Charles Realty Corp for $1.00. (*Id.* ¶ 16.) Edgar Charles Realty Corp. then purchased two additional adjoining parcels (together with the Front Lots, the "Meadows Property"). (*Id.* ¶ 17.) Faulk and/or his construction demolition business used the lots. (*See id.* ¶¶ 12, 21-22.) Over the years, Plaintiff expended money and effort into maintaining the property. (*Id.* ¶ 23.)

In 2014, Faulk had a stroke. (*Id.* ¶ 24.) In 2015, Faulk's daughters, Defendants Elaine and Janette Faulk, filed for and obtained guardianship over Faulk and began selling Faulk's equipment. (*Id.* ¶¶ 24, 26.) Plaintiff alleges that Janette Faulk, as guardian of her father, isolated Faulk and created impediments for visitors. (FAC, Count 2 ¶ 19.) Around this time, Faulk's son, Eddie Faulk, began to use the Meadows as parking rentals for trucks. (FAC, "Facts of the Case" ¶ 25.) On October 10, 2018, Defendant Janette Faulk, through her counsel, Defendant Vincent J. LaPaglia, Esq., filed the State Court Action in the Superior Court of New Jersey, Hudson Vicinage, Chancery Division, against Plaintiff, alleging that Plaintiff wrongfully transferred the Meadows Property to herself and the property should be transferred back to Faulk. (FAC, "Facts of the Case" ¶¶ 26-27;

ECF 34-2, Declaration of Catriona Coffey ("Coffey Decl.") Ex. A.[2])

In August 2019, there was a trial in the State Court Action before Defendant Judge Jablonski. (FAC, "Facts of the Case" ¶ 27.) On December 24, 2019, Judge Jablonski issued a decision that Faulk was the true and equitable owner of the Meadows Property and imposed a constructive trust over the parcels. (Coffey Decl. Ex. B. at 1; *see also id.* Ex. C.) The court made the following findings of fact: In 2005, Plaintiff and Faulk had a fight and the Edgar Charles Realty Corp. transferred title of the Back Lots to Plaintiff. (*See* Coffey Decl. Ex. B. at 4.) After Faulk had a stroke in 2014, his daughter Janette Faulk was appointed as Harry Faulk's guardian and Ms. Faulk and her sister took care of him. (*See id.* at 4–5.) In April 2015, Plaintiff transferred title to the front two lots from Edgar Charles Realty Corp. to herself for $1.00 (*Id.* at 5.) The trial court held that Faulk had remained in equitable control of the Meadows Property and that Plaintiff unjustly enriched herself by transferring the lots from Edgar Charles to her own name. (*Id.* at 17-18.) The state court ordered the return of the property to Faulk's estate. (*Id.* at 19; Coffey Decl. Ex. C.) Plaintiff alleges that, following this decision, she signed a quit-claim deed "[u]nder duress". (FAC, "Facts of the Case" ¶ 28.) On January 26, 2023, the New Jersey Appellate Division affirmed the trial court's decision. (ECF 33-1, Declaration of Leo J. Hurley, Jr. ("Hurley Decl."), Ex. G.) On June 1, 2021, Plaintiff's petition for certification of the Appellate Division judgment was denied by the New Jersey Supreme Court. (ECF 31-1, Certification of Sharon Rivenson Mark ("Rivenson Mark Decl."), Ex. F.)

---

[2] Exhibit A of the Coffey Declaration is the Complaint in the underlying state court case, *Janette Faulk v. Anne Marticci*, Docket No. C-160-18, and Exhibit B of the Coffey Declaration is the trial court's opinion in that case. While a court typically does not consider matters outside the pleadings when deciding a motion to dismiss, "a court may consider documents that are integral to or explicitly relied upon in the complaint or any undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Mills v. Ethicon, Inc.*, 406 F. Supp. 3d 363, 372 (D.N.J. 2019) (citations omitted). The Court properly considers these documents, along with other court documents in the underlying state court case referenced herein, because they are integral to the FAC.

3

Plaintiff's FAC challenges the State Court Action decision for several reasons. Plaintiff alleges that Harry Faulk "knew he was not the owner" of the property and would "have never brought this case to court[.]" (FAC, Count 2 ¶ 24; *see also id.* Count 5 ¶¶ 85, 89, 91, 100.) She further alleges that the Estate of Harold Faulk was "predatory"; that Plaintiff's ownership of the property was "documented with recorded documents including a paper trail for the corporation, Edgar Charles Realty" (FAC, Count 2 ¶¶ 26-27); and that Harry Faulk had no right to the property (*id.* ¶ 33; *see also id.* ¶¶ 37, 39). Plaintiff further alleges that Judge Jablonski violated her civil rights by transferring the Meadows Property from Plaintiff to the Estate of Harold Faulk; that he made several mistakes in his decision; and that he was motivated by bias and discrimination. (FAC, Count 3 ¶¶ 44, 48-49, 51-58, 63; FAC, Count 4 ¶ 80 (alleging that the decision constitutes a taking under the Constitution); FAC, Count 6 ¶¶ 111-12, 114, 117; FAC, Count 7 ¶¶ 124-25.)

On December 23, 2024, Plaintiff filed the instant action. (ECF 1.) Plaintiff filed an amended complaint on May 22, 2025. (ECF 30.) In the FAC, Plaintiff generally alleges that her "civil rights" were "trampled" and "abrogated" in the State Court Action. (FAC, "Facts of the Case" ¶¶ 30-31.) Plaintiff brings eight causes of action: "Anne Martucci and June Ochsner created Edgar Charles Realty" (Count 1); "Fraud Upon the Court" and "Theft of Intellectual Property" (Count 2); violation of the Fourteenth Amendment against Judge Jablonski under 42 U.S.C. § 1983 (Count 3); violation of the Fifth Amendment (Count 4); fraudulent inducement and unjust enrichment (Count 5); discrimination and "federal issues of usurping a business" (Count 6); "Employment Issues" and "Social Security was never withheld by Harry for Anne as an employee" (Count 7); and "IRS issues relevant to the transfer of [the] property" (Count 8). Plaintiff seeks injunctive and declaratory relief for transfer of the Meadows Property back to her, along with various monetary damages including expenditures she spent on the property. (*See generally* FAC.)

Defendants were all involved in the State Court Action in different capacities. (*See* FAC, Count 2 ¶ 18.) Defendant Sharon Rivenson Mark was the court-appointed guardian of Harry Faulk's property. (*See id.* ¶ 20-21; Rivenson Mark Decl. Ex. C.) Defendant Janette Faulk was the plaintiff in the State Court Action; Elaine Faulk is her sister and was a witness at the State Court trial; and Vincent LaPaglia is an attorney who represented Janette in the State Court Action. (*Id.* ¶ 20; ECF 32 at 3.) Plaintiff also sued the Estate of Harold C. Faulk (the "Estate"), which benefitted from the constructive trust imposed by Judge Jablonski in the State Court Action. (*See* FAC, Count 3 ¶ 44; Coffey Decl. Ex. C.) And Judge Jablonski, the final Defendant, was the presiding Judge in the State Court Action. (FAC, Count 3 ¶ 45; Coffey Decl. Exs. B-C.)

On July 8, 2025, Defendant Sharon Rivenson Mark filed a motion to dismiss. (ECF 31.) On July 14, 2025, Defendants Janette Faulk, Elaine Faulk, and Vincent LaPaglia filed a motion to dismiss. (ECF 32.) On July 21, 2025, the Estate and Judge Jablonski filed motions to dismiss. (ECF 33; ECF 34.) On September 2, 2025, Plaintiff filed an omnibus brief in opposition to the motions to dismiss. (ECF 37.) On September 29, 2025, Defendants filed reply briefs in further support of their motions to dismiss. (ECF 40; ECF 41; ECF 42; ECF 43.) On October 17, 2025, Plaintiff filed a sur-reply in further support of her opposition to the motions to dismiss. (ECF 44.) Because Plaintiff did not receive permission from the Court to file a sur-reply, the Court does not consider the sur-reply at ECF 44 in this decision. *See* L. Civ. R. 7.1(d)(6).

## II.  LEGAL STANDARD

### A.  Rule 12(b)(1)

Under Federal Rule of Civil Procedure ("Rule") 12(b)(1), a court must dismiss a claim if it lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1); *Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007). A Rule 12(b)(1) motion can raise a facial attack or a factual attack,

which determines the standard of review. *Mazo v. Way*, 551 F. Supp. 3d 478, 489-90 (D.N.J. 2021) (citing *Const. Party of Pennsylvania v. Aichele*, 757 F.3d 347, 357 (3d Cir. 2014); *In re Horizon Healthcare Servs. Inc. Data Breach Litig.*, 846 F.3d 625, 632 (3d Cir. 2017)).

A facial attack "is an argument that considers a claim on its face and asserts that it is insufficient to invoke the subject matter jurisdiction of the court because, for example, it does not present a question of federal law…or because some other jurisdictional defect is present." *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 357 (3d Cir. 2014). In reviewing a facial attack, "the court must only consider the allegations of the complaint and documents referenced therein and attached thereto in the light most favorable to the plaintiff." *Id.* at 358 (quotation omitted). A factual attack "concerns 'the actual failure of [a plaintiff's] claims to comport [factually] with the jurisdictional perquisites.'" *CNA v. United States*, 535 F.3d 132, 139 (3d Cir. 2008) (quoting *U.S. ex rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007)). When considering a factual challenge, "the plaintiff [has] the burden of proof that jurisdiction does in fact exist," the court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case," and "no presumptive truthfulness attaches to [the] plaintiff's allegations . . . ." *Mortenson v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

### B. <u>Rule 12(b)(6)</u>

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a defendant to move to dismiss a count for "failure to state a claim upon which relief can be granted[.]" To withstand a motion to dismiss under Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is plausible on its face when there is enough factual content "that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of [his] claims." *Id.* at 789.

In evaluating the sufficiency of a complaint, a district court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). The court, however, is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007). It is well established that a *pro se* complaint "however inartfully pleaded[,] must be held to less stringent standards than formal pleadings drafted by lawyers." *Montgomery v. Pinchak*, 294 F.3d 492, 500 (3d Cir. 2002) (internal quotation marks and citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court is obligated to construe *pro se* claims liberally and afford *pro se* plaintiffs the benefit of every doubt. *Alexander v. Gennarini*, 144 F. App'x 924, 926 (3d Cir. 2005). If, after viewing the allegations in the complaint most favorably to the plaintiff, it appears that no relief could be granted under any set of facts consistent with the allegations, a court may dismiss the complaint for failure to state a claim. *DeFazio v. Leading Edge Recovery Sols.*, No. 10-02945, 2010 WL 5146765, at *1 (D.N.J. Dec. 13, 2010).

### III.    ANALYSIS

The Estate and Judge Jablonski both argue, *inter alia*, that the Court should decline to exercise jurisdiction over Martucci's claims pursuant to the *Rooker-Feldman* doctrine. (ECF 33-2

at 12-19; ECF 34-1 at 15-17.) Defendant Rivenson Mark and Defendants Janette Faulk, Elaine Faulk, and Vincent LaPaglia argue that the principles of the entire controversy doctrine, res judicata, and collateral estoppel require dismissal of the FAC. (ECF 31 at 3-4; ECF 32 at 18.)

The Court agrees that Plaintiff's claims are barred by the *Rooker-Feldman* doctrine and, as such, this Court lacks subject-matter jurisdiction over those claims. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (explaining that the Rooker-Feldman doctrine "is confined to cases . . . brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments"). "The *Rooker-Feldman* doctrine deprives federal district courts of jurisdiction over lawsuits that essentially seek appellate review of state-court judgments." *Lane v. New Jersey*, 725 F. App'x 185, 188 (3d Cir. 2018) (citation omitted). For the *Rooker-Feldman* doctrine to apply, the following must be satisfied: "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great W. Mining & Min. Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010) (quoting *Exxon Mobil Corp.*, 544 U.S. at 284).

The first and third prongs of the *Rooker-Feldman* doctrine are met. Plaintiff lost in the State Court Action, and the final judgment was rendered in 2021, three years before Plaintiff initiated this action. (Coffey Decl. Ex. B; Rivenson Mark Decl. Exs. G-F; Hurley Decl. Ex. G; ECF 1.) *See Damiani v. Wells Fargo*, Civ No, 16-8484, 2018 WL 1731347, at *5 (D.N.J. Apr. 10, 2018).

The second and fourth factors ask whether Plaintiff is a "state-court loser[ ] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Great W. Mining*,

8

615 F.3d at 170–71 (citing *Exxon Mobil Corp.*, 544 U.S. at 284). The second factor is met because Plaintiff alleges that her injuries were caused by the state-court judgment. Specifically, Plaintiff claims that the Meadows belonged to her and was unfairly taken from her "in a court battle masterminded by guardians." (FAC at 1.) She further alleges that the property was "taken from her by the courts" without any compensation and that she "wants to have her property returned to her." (FAC, Count 3 ¶ 57.)

The fourth factor, whether the Plaintiff is "inviting the district court to review and reject" the state court judgment, is also satisfied. *Great W. Mining*, 615 F.3d at 166. Plaintiff seeks the return of title to the Meadows and damages related to her use of the property. (FAC at 14-15, 20, 25, 28, 33, 36, 38, 40.) Plaintiff's arguments that the *Rooker-Feldman* doctrine does not apply because (a) she brings claims for violation of her civil rights and (b) because Defendants defrauded the State Court (Opp. at 6-15) are unpersuasive. Plaintiff plainly seeks review of the judgment in the State Court Action, stating in the FAC, "the judge took everything I worked for all my life to secure my old age by circumventing the law and giving property that I legally owned to the beneficiaries of Harold Faulk." (*Id.* at 41.) The Court does not have jurisdiction to second-guess the state court judgment. "Plaintiff's attempt to use the federal court system as a means of overturning judgments rendered in the State Court proceedings is an exercise expressly prohibited under the *Rooker-Feldman* doctrine." *Liu v. Lu*, No. 23-3819, 2024 WL 2750817, at *5 (D.N.J. May 29, 2024).[3] Because all four factors are satisfied, the Court does not have subject matter jurisdiction over Plaintiff's claims.

---

[3] While Count 7, titled "Employment Issues" and "Social Security was never withheld by Harry for Anne as an employee," may appear to be a standalone claim separate and apart from the State Court judgment, the substance of this claim functions as a challenge to the State Court's finding that Martucci was Harry Faulk's employee rather than the owner of the Meadows Property. (*See* FAC, Count 7 ¶¶ 119-128.) For example, Plaintiff claims in this section of the FAC that "Judge [Jablonski] demoted Anne Martucci from a property owner to a worker. There was no basis for this in fact…She was never paid as an employee…." (*Id.* ¶¶ 124-25.) Plaintiff further alleges in this section that "[t]here were filings…that Anne Martucci was the owner…and not simply a worker for Harry" (*Id.* ¶ 126) and that

## IV.    <u>CONCLUSION</u>

For the reasons stated above, the motions to dismiss (ECF 31; ECF 32; ECF 33; ECF 34) are **GRANTED**. Plaintiff's claims against Defendants are dismissed with prejudice because further amendments would be futile. *See A & E Harbor Transp., Inc. v. Tri-Coastal Design Grp., Inc.*, 2021 WL 1840039, at *1 (D.N.J. May 7, 2021) ("Dismissal of a count in a complaint with prejudice is appropriate if amendment would be inequitable or futile.") "An amendment is futile if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted." *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000) (citation omitted). Even if Plaintiff amended her claims, those claims would still be barred by the *Rooker-Feldman* doctrine.

Accordingly, **IT IS** on this 9th day of March 2026,

**ORDERED** that Defendants' motions to dismiss (ECF 31; ECF 32; ECF 33; ECF 34) are **GRANTED**; and it is further

**ORDERED** that the First Amended Complaint (ECF 30) is dismissed with prejudice; and it is further

**ORDERED** that the Clerk of Court is directed to send a copy of this Opinion and Order to Plaintiff by Certified Mail; and it is further

**ORDERED** that the Clerk of Court is directed to close this case.

**SO ORDERED**.

/s/ Jamel K. Semper
**HON. JAMEL K. SEMPER**
**United States District Judge**

---

she was "denied any discovery regarding [the] issue" of whether she was Harry's employee. (*Id.* ¶ 127.) The Court does not interpret this claim as a genuine employment-related claim, and thus the Court's dismissal with prejudice of this claim should not operate to preclude Plaintiff from making genuine employment-related claims in the future.

Orig:  Clerk
cc:     Leda D. Wettre, U.S.M.J.
       Parties